UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

8824/DCR/tzo

CATHLYN ANN POZDOL,                              CASE NO. 13-cv-22167-JLK
    *Plaintiff*,
vs.

CITY OF MIAMI, *et al.*,
    *Defendants*.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

**COMES NOW,** the Plaintiff, CATHLYN ANN POZDOL, as Personal Representative of the Estate of Drew Randolph Pozdol, by and through her undersigned counsel and pursuant to S.D. Fla. L.R. 7.1(c), and files this Response in Opposition to the Defendants' Motion to Stay ("Mot.") [DE 32], and states:

**I.  Introduction**

1.  This case arises out of the wholly unjustified killing of Drew Randolph Pozdol ("Drew") on August 21, 2011.

2.  As Drew, aged twenty-six, walked past a Miami restaurant in the early morning, Defendant RAFAEL BORROTO, a City of Miami police officer, initiated an unnecessary and unwarranted confrontation, drawing his gun and using it to shove Drew—who had caused no trouble and showed neither aggression nor unpredictable behavior—down the sidewalk.

3.  Drew was not a threat to anyone, carried no weapon, attempted to comply, and offered no resistance.

4.  Nonetheless, BORROTO without provocation opened fire, shooting Drew three times in the chest, killing him.

5. Sadly, BORROTO's killing of Drew is but one example of the Miami Police Department's pattern or practice of using excessive force.

6. On June 17, 2013, POZDOL, as personal representative of Drew's estate and on behalf of the estate and Drew's statutory survivors, brought suit against the City, Mayor REGALADO, Police Chief EXPOSITO, and BORROTO.

7. The City, the Mayor, the Chief, and BORROTO filed a Motion to Stay [DE 32] on November 12, 2013, requesting that the Court stay all proceedings in this action and administratively close the case until the conclusion of a purportedly ongoing criminal investigation and potential subsequent internal investigation into Drew's killing.

8. POZDOL opposes the Defendants' Motion on the basis that it fails to meet the standard in this circuit for obtaining stays in situations such as this, is premature, is based on hypothetical facts not in evidence, and is certain to result in undue prejudice to POZDOL if it is granted.

**II.  Legal Standard**

9. Inherent in the Court's power to control its docket is the authority to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The power to issue a stay, however, should not be exercised lightly.  *Markel Int'l Ins. Co. v. O'Quinn*, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008).

10. "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

11. That burden is heavy; the Eleventh Circuit strongly disfavors stays in civil proceedings. *Court-Appointed Receiver of Lancer Mgmt. Group LLC v. Lauer*, No.

05-cv-60584-KAM, 2009 WL 800144, at *2 (S.D. Fla. 2009) (describing standard set by Eleventh Circuit for deciding motions to stay as "narrow").

12. Courts should stay civil proceedings pending the outcome of related criminal prosecution "<u>only</u> when 'special circumstances' so require 'in the interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua County*, 23 F.3d 359, 364 (11th Cir. 1994) (quoting *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970)) (emphasis supplied). With respect to stays premised on assertion of the right against self-incrimination—such as the possible future assertion the Defendants present as a reason to grant a stay here—the Eleventh Circuit hold, "[t]he court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against" the party invoking the right. *Id.* (citing *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991)).

13. In the Eleventh Circuit, for a civil litigant to obtain a stay pending resolution of parallel criminal proceedings, the party must show that, by invoking the Fifth Amendment privilege, the party will suffer <u>certain loss</u> by automatic summary judgment in the absence of the stay. *Lauer*, 2009 WL 800144, at *2 (citing *United States v. Two Parcels of Real Property*, 92 F.3d 1123, 1129 (11th Cir. 1996); *Lot 5*, 23 F.3d at 364; *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 946-47 (11th Cir. 1990)).[1]

---

[1] The Defendants cite a number of authorities from other jurisdictions to support a more lenient standard balancing the relative interests of the parties in ruling on a motion to stay. (Mot. at 10-11, 12-14.) This approach unsuccessfully was attempted by the defendant-movants in *Lauer*, as well. 2009 WL 800144, at *2. It is true that courts must balance the parties' interests, *see Landis*, 299 U.S. at 254-55, but the Eleventh Circuit has narrowed the scope of the interests to be considered, as discussed above. Where, as

14. As with all requests for stays, a court must consider the plaintiff's interest in carrying the suit to trial. *Clinton*, 520 U.S. at 708.

15. "The mere possibility of a disadvantage in a civil proceeding… is insufficient to justify a stay." *Lauer*, 2009 WL 800144, at *3 (citing *Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536, 541-42 (M.D. Fla. 1994); *Sec. & Exch. Comm'n v. Rehtorik*, 755 F. Supp. 1018, 1019-20 (S.D. Fla. 1990)).

16. The Defendants have not met their burden.

### III. Defendants Are Not Entitled to a Stay

17. The reasons given by the Defendants for staying this action distill to this: Florida has a public policy of protecting from disclosure under certain circumstances records and information compiled in criminal and internal investigations (Mot. at 5-10, 16); the Defendants might possibly suffer a disadvantage in defending this action because BORROTO hypothetically may invoke his Fifth Amendment privilege against self-incrimination (Mot. at 11-16); BORROTO might be unable to support an as-yet unasserted entitlement to qualified immunity (Mot. at 14-15);[2] and POZDOL would suffer no prejudice because the case may resume whenever the Defendants tire of their dilatory tactics, however long that period of time may be (Mot. at 17-18).

---

here, the movant cannot show that, in the absence of a stay, certain loss on summary judgment will result, the stay should be denied.

[2] It is worth noting that the argument regarding BORROTO's conjectural claim to qualified immunity is made by the City's attorney, although qualified immunity is a defense only to claims against law enforcement officers in their individual—not personal—capacities.

### A.     *Potentially Protected Hypothetical Evidence*

18. The Defendants seek support for their Motion to Stay in Florida's policy of exempting from disclosure active criminal investigation information. (Mot. at 5-10, 16.) According to the Defendants, a state criminal investigation of Drew's killing remains pending, which the Defendants promise will be followed by an internal affairs investigation. (Mot. at 2.) However, the Defendants have provided nothing more than their bald assertions—not even so much as an affidavit confirming the existence and ongoing nature of such investigation. They have identified no documents or other information requested by POZDOL that would be protected, nor any information by which the Court could determine the applicability of the protection asserted for that unidentified information.

19. Nor do the Defendants even suggest a timeframe for the stay; they give no indication of any completion date for the unconfirmed investigations.

20. All the Defendants have, in fact, done is show that they intend fully to stonewall this case until they are forced to stop. Although the Defendants spill considerable ink discussing the potential dire consequences of unintended disclosure of investigative information, they have failed to point to any tangible and imminent examples.

21. Asserting that there might be documents or other evidence that could be protected from disclosure and which theoretically could help in the defense of this matter does <u>not</u> satisfy the narrow standard set forth by the Eleventh Circuit for issuing a stay.

B.   *Hypothetical Fifth Amendment Assertion*

22. The Defendants claim that BORROTO's testimony is crucial to the defense of this matter,[3] and that there is a "possibility" that BORROTO <u>might</u>, at some unspecified point, assert his Fifth Amendment privilege against self-incrimination. (Mot. at 12.) The City would then be unable to address the constitutionality of BORROTO's actions or to move for summary judgment. (*Id.*) The Defendants cite authority from other jurisdictions in cases where stays were granted based on one party suffering prejudice because of another party's invocation of Fifth Amendment rights.[4] (*Id.* at 12-14.)

23. Unfortunately for the Defendants, neither the facts of this case nor the relevant Eleventh Circuit precedent supports their position.

24. BORROTO has not invoked the Fifth Amendment. Indeed, at this stage, he cannot. The assertion of the right against self-incrimination must be a specific objection in response to a specific question. *Lot 5*, 23 F.3d at 364; *Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir. 1986). No question has been posed to BORROTO. Because there has been no assertion of the privilege, there can be no assessment of whether that assertion and its attendant inference "will automatically give rise to liability subjecting [the Defendants] to an unfavorable summary judgment." *Lauer*, 2009 WL 800144, at *2. A blanket assertion, even a

---

[3] Of course, the same could be said of the testimony of a defendant in any case.

[4] Again, these cases are not relevant to the decision of the instant Motion, because the Eleventh Circuit has circumscribed a narrow test for stays based on assertions of Fifth Amendment rights. *See* ¶ 19, *supra*.

promise to assert in response to any and all questions, will not suffice. *Anglada*, 822 F.2d at 1037.

25. Likewise, the potential disadvantage that might flow to the Defendants should BORROTO ever invoke the Fifth Amendment cannot justify a stay. *See Sec. & Exch. Comm'n v. Incendy*, 936 F. Supp. 952, 955 (S.D. Fla. 1996) (loss of most effective defense insufficient to justify a stay); *Rehtorik*, 755 F. Supp. at 1020 (possibility of disadvantage in civil proceeding insufficient for a stay).

26. Moreover, here, there is no related criminal proceeding. BORROTO has not been charged; there is no present indication that he ever will be. If a stay is not appropriate when there is a parallel <u>pending</u> criminal action, it strains credulity to think that one would be appropriate where, as here, there is nothing more than an unlikely hypothetical possibility of one.

27. *Lauer* is instructive; the facts there are largely apposite to those here—except there, unlike here, a criminal action had <u>already</u> been commenced. *See Lauer*, 2009 WL 800144, at *1. *Lauer* was a civil action against nineteen defendants, of whom three individual defendants and one corporate defendant filed a motion to stay or adopted another defendant's motion to stay. *Id.* Five of the nineteen defendants, including the three individual defendants who filed a motion to stay, were defendants in a parallel criminal case based on the same underlying facts as the civil case. *Id.* The moving defendants sought to have the case stayed until the criminal action against them concluded. *Id.* The defendants had previously been deposed by the Securities and Exchange Commission and invoked the Fifth Amendment; they planned to invoke again in the civil action. *Id.* There, as here,

the movants cited a number of cases from outside the jurisdiction that employed standards far more lenient than that established by the Eleventh Circuit, which requires a showing that invocation of the Fifth Amendment will result in certain loss by automatic summary judgment. *Id.* The Court in *Lauer*, relying on *Lot 5*, held the movants' blanket assertion of their Fifth Amendment privilege to be an insufficient basis for a stay, because, without a specific assertion in response to a specific discovery request, the Court was unable to make the relevant determination: whether the assertion automatically will give rise to automatic adverse summary judgment.[5] The Court held that the movants' claimed possibility of a disadvantage in the civil litigation inadequate to justify a stay. *Id.* at *3. Importantly, as to the corporate movant, the Court ruled that a stay was not appropriate because that movant—like <u>all</u> of the Defendants here—had not been indicted and was not a party to any pending criminal action. *Id.*

C.  *Hypothetical Claim to Qualified Immunity*

28. The Defendants also seek to justify a stay based on BORROTO's inability "properly [to] support his entitlement to qualified immunity" without the hypothetical evidence gleaned from the purported investigations that may or may not exist and might be protected from disclosure. (Mot. at 14-15.) This is simply conjecture upon conjecture. BORROTO has not claimed qualified immunity. Moreover, as discussed above, the test in the Eleventh Circuit for granting a stay pending

---

[5] In *Lauer*, as here, there was no showing that the movants *could not* challenge the allegations of the complaint without the risk of self-incrimination.

resolution of a related criminal action—which, again, does not exist here—is very narrow and is not satisfied here.

29. A law enforcement officer claiming qualified immunity must prove that he acted within the scope of his discretionary authority. *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988). Once that rather light burden has been met, the plaintiff must demonstrate that the officer's conduct violated clearly established law. *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983).

30. However, even if BORROTO does at some point claim qualified immunity, the Defendants have failed to show how, in the absence of a stay, he will be unable to at least argue that he acted within the scope of his discretionary authority at the time he killed Drew, much less why evidence that may or may not exist is necessary to so proving.

**IV. Conclusion**

31. The standard in the Eleventh Circuit for staying a civil action pending the outcome of related criminal proceedings is clear: a stay is justified only when the actual assertion of the Fifth Amendment privilege against self-incrimination will result in the party asserting the privilege automatically losing the civil litigation through adverse summary judgment.

32. The Defendants have not shouldered their burden in justifying a stay. All they have done is conjecture about hypothetical evidence that may be protected, hypothetical Fifth Amendment assertions, and hypothetical claims of qualified immunity.

33. The Defendants' Motion must be denied. Justice delayed is justice denied. Martin Luther King, Jr., Letter from Birmingham Jail (Apr. 16, 1963).

December 10, 2013                                    Respectfully submitted,

/s/ Domingo C. Rodriguez
Domingo C. Rodriguez, Esq. (FBN 394645)
domingo@rslawmiami.com
Sarah D. Schooley, Esq. (FBN 10083)
sarah@rslawmiami.com
**RODRIGUEZ SCHOOLEY LAW FIRM, LLC**
2121 Ponce de Leon Blvd., Suite 430
Miami, Florida 33134
Tel: (305) 774-1477 ~ Fax: (305) 774-1075

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF this 10th day of December, 2013, on all counsel of parties of record on the Service List below.

  /s/ Domingo C. Rodriguez
Domingo C. Rodriguez, Esq.

## SERVICE LIST

Julie Bru, Esq.
Warren Bittner, Esq.
wrbittner@miamigov.com
Office of the City Attorney
City of Miami
444 SW Second Ave, Suite 945
Miami, FL 33130
Tel: (305) 416-1800
Fax: (305) 416-1801
*Counsel for City of Miami,*
*Tomas Regalado, and*
*Miguel Exposito, and Co-Counsel*
*for Rafael Borroto*

Brent Chaduchek, Esq.
bchaduchek@roncohenlaw.com
Ronald J. Cohen, P.A.
8100 Oak Lane, Suite 403
Miami Lakes, FL 33016
Tel: (305) 823-1212
FaxL (305) 823-7778
*Co-Counsel for Rafael Borroto*